IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

     Plaintiff,               No. 2:09-cv-2133 FCD KJN P

  vs.

C. PLESSAS, et al.,

     Defendants.          <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 29, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint. After receiving an extension of time, plaintiff has now filed an amended complaint.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff's original complaint was 119 pages long (35 page complaint and 84 pages of exhibits) and sued 31 defendants for various alleged constitutional violations. Plaintiff's ten page amended complaint, by comparison, is much improved.  He now alleges various causes of action against 28 defendants.  Plaintiff alleges that, inter alia, defendants deprived him of access to the law library, to make copies necessary to prosecute court actions, tampered with his legal mail, and impeded his access to the courts; defendants were deliberately indifferent to his safety, subjected him to cruel and unusual punishment, violated his right to equal protection, and denied him the right to receive necessary medical treatment.  Plaintiff also presses three state law claims.

However, plaintiff has failed to state a cognizable Eighth Amendment claim as to his library, photocopies, tampering with legal mail, and access to the courts claims.  In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions.  Lewis v. Casey, 518 U.S. at 351.  The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356.  To state a cognizable claim for relief based on interference with access to the courts, plaintiff must allege facts which, if proved, will show that defendants by their acts prevented him from bringing, or caused him to

lose, an actionable claim of this type.  Id.

Plaintiff has included no allegations concerning the impact, if any, of his claims that defendants kept him from making photocopies or accessing the law library.  Moreover, plaintiff has filed numerous cases in this district in the past few years.[1]

| | | |
|---|---|---|
| 06-2732 FCD CMK | Jones v. Stieferman | (pending) |
| 08-0096 FCD EFB | Jones v. Betti | (pending) |
| 08-0251 DAE KSC | Jones v. Vanderville | (closed 12/01/2009) |
| 08-2607 MCE KJM | Jones v. DeForest | (pending) |
| 09-0150 JLQ | Jones v. Bishop | (pending) |
| 09-0619 GEB EFB | Jones v. Swingle | (pending) |
| 09-2133 FCD KJN | Jones v. Plessas | (pending) |
| 09-3092 WBS EFB | Jones v. Felker | (pending) |
| 09-3174 FCD KJM | Jones v. David | (pending) |
| 09-3218 LKK CMK | Jones v. Burgett | (closed 5/7/2010) |
| 10-1169 EFB | Jones v. Farley | (pending) |
| 10-1381 KJN | Jones v. Prater | (pending) |

Neither the 2006 case nor any of the cases filed in 2008 were closed based on plaintiff's failure to file a complaint or amended complaint.[2]  Because of the status of plaintiff's 2008 cases, as well as the number of cases filed by plaintiff in the last few years, it is unlikely plaintiff can demonstrate he was prevented from bringing a lawsuit in 2008.  Thus, these claims are not cognizable, and should not be included in any second amended complaint.

The amended complaint contains no charging allegations as to the denial of

---

[1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2]  Indeed, in 06cv2732 FCD CMK, plaintiff was granted numerous extensions of time to comply with various court orders.  Id.

medical care.

Plaintiff is advised that allegations of harassment, embarrassment, threats or defamation are not cognizable under § 1983. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff's allegations of verbal abuse fail to state a cognizable § 1983 claim.

Finally, plaintiff has utterly failed to address the issue of exhaustion of remedies in his amended complaint. The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734.[3]

A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably

---

[3] The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown, 422 F.3d at 936-37.

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. at § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint

1  may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion"
2  and "no exception to exhaustion applies." Id. at 1120.

3        The court has reviewed the exhibits appended to his original complaint, and found
4  no Director's Level Review for any of the claims contained in his amended complaint. "There is
5  no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be
6  brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). The exhibits appended to plaintiff's
7  original complaint, as well as the fact plaintiff failed to address the issue of exhaustion in his
8  amended complaint, raise a presumption that plaintiff has failed to exhaust his administrative
9  remedies. In addition, because plaintiff is attempting to sue 28 defendants, it is imperative that
10 plaintiff first demonstrate that he has exhausted his administrative remedies as to each claim
11 before the court can screen any second amended complaint. Plaintiff is cautioned that exhaustion
12 of administrative remedies must occur prior to the filing of the instant action. Plaintiff must
13 demonstrate that he has exhausted his administrative remedies as to each claim contained in any
14 second amended complaint.[4] Moreover, as noted above, plaintiff cannot demonstrate exhaustion
15 where a grievance is untimely filed. Woodard, 548 U.S. at 83-84.

16       Accordingly, plaintiff will be provided a final opportunity to file a second
17 amended complaint. Plaintiff should omit his claims concerning photocopies, access to the law
18 library, tampering with legal mail, or impeded access to the courts and medical claim. In
19 addition, plaintiff must demonstrate he has exhausted his administrative remedies as to each
20 claim he includes in his second amended complaint.

21       The court finds the allegations in plaintiff's amended complaint so vague and
22 conclusory that it is unable to determine whether the current action is frivolous or fails to state a
23 claim for relief. The court has determined that the amended complaint does not contain a short

---

[4] In his original complaint, plaintiff provided a copy of Appeals Screening Form CDCR Form 695 dated 2/19/09, which states: "You have sent 142 appeals to this office. It does not appear that you have trouble getting your appeals processed." (Dkt. No. 1 at 84.) This form appears to have screened out grievances submitted from 10/8/08 to 2/17/09 as untimely. (Id.)

and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

1         2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED: July 14, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jone2133.14amd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

     Plaintiff,                          No. 2:09-cv-2133 FCD KJN P

     vs.

C. PLESSAS, et al.,                    NOTICE OF AMENDMENT

     Defendants.

_____/

     Plaintiff hereby submits the following document in compliance with the court's order filed _____:

     _____     Second Amended Complaint

DATED:

                                                      _____
                                                      Plaintiff