IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALIK JONES, | | |
| | Plaintiff, | No. 2:09-cv-2133 FCD KJN P |
| vs. | | |
| C. PLESSAS, et al., | | ORDER AND |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. On August 25, 2010, the undersigned issued findings and recommendations recommending that this action be dismissed based on plaintiff's failure to file a second amended complaint as required by the court's July 15, 2010 order. On August 19, 2010, plaintiff presented his second amended complaint to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270-72, 275 (1988) ("mailbox rule" that incarcerated plaintiff's pleading is deemed filed when given to prison officials for mailing). In light of the second amended complaint, the findings and recommendations will be vacated.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in, Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Franklin, 745 F.2d at 1227.

Plaintiff alleges various causes of action against 28 defendants. The court will first address those allegations that fail to state a cognizable civil rights claim, and will then turn to those claims for which defendants will be held to answer.

Access to the court

Despite this court's July 15, 2010 order, plaintiff has renewed his claims that defendants Plessas, Lockard, Keating, Dunks, Hitt, and Hass deprived him of access to the law library, prevented him from making copies necessary to prosecute court actions, tampered with his legal mail, and impeded his access to the courts. (Dkt. No. 19 at 5, ¶ 54-56, & 7-8, ¶¶ 69-73.) Plaintiff has again failed to state a cognizable claim as to his library, photocopies, tampering with legal mail, and access to the courts claim. In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. Lewis v. Casey, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356. To state a cognizable claim for relief based on interference with access to

the courts, plaintiff must allege facts which, if proved, will show that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type. Id.

Plaintiff has failed to allege an actual injury and, as detailed in this court's July 15, 2010 order, and confirmed in plaintiff's declaration (dkt. no. 19-1), plaintiff is unable to allege an actual injury. Therefore, plaintiff fails to state a cognizable claim under Lewis v. Casey, 518 U.S. at 351, and these claims must be dismissed.

### Challenge to disciplinary hearings

Plaintiff alleges due process violations occurred at two different rules violation report/CDC 115 hearings, one before hearing officer Ingwerson and another before hearing officer Amero, and includes allegations against defendants Griffith, Ingwerson, Robertson, and Amero. (Dkt. No. 19 at 3, ¶¶ 33-39; at 6, ¶¶ 60-61.) Plaintiff seeks money damages only.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id.

In Edwards v. Balisok, 520 U.S. 641 (1997), the United States Supreme Court extended the rule of Heck to prison disciplinary proceedings. Specifically, challenges to prison disciplinary proceedings are not cognizable under 42 U.S.C. § 1983 if

> "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983.

3

1 Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (quoting Balisok, at 645).

2       This court finds that plaintiff's challenges to the disciplinary hearings implicate
3 the validity of the disciplinary convictions.  The court further finds that plaintiff has made no
4 showing that the disciplinary convictions have been invalidated.  Therefore, these claims must be
5 dismissed as barred by Heck.

6       Threats

7       Plaintiff includes various allegations of verbal threats, intimidation, name-calling
8 and threatened efforts to remove his blood by defendants Jackson, Celis, Dunks, Hibbits,
9 Monica, Ratliff, Lockard, Sloan and Callison.  (Dkt. No. 19 at 5, ¶¶ 51-52 & at 7, ¶¶ 62-68.)

10       An allegation of mere threats alone fails to state a claim of cruel and unusual
11 punishment under the Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see
12 Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of
13 profanity violate the Eighth Amendment).  These allegations do not raise a cognizable claim for
14 violation of the Eighth Amendment and should also be dismissed.

15       Medical Care

16       In his third cause of action, plaintiff states, in conclusory fashion, "defendants
17 denied plaintiff the right to receive necessary medical treatment."  (Dkt. No. 19 at 9.)  However,
18 the text of the second amended complaint contains no charging allegations as to medical care.
19 This is insufficient to state a claim for deliberate indifference to serious medical needs, and will
20 be dismissed.

21       State Law Claim:  California Civil Code § 52.1

22       Plaintiff alleges violations of California Civil Code § 52.1 for the threats and
23 intimidation alleged in the second amended complaint.  Section 52.1 states, in relevant part:

24       (a)  If a person or persons, whether or not acting under color of
      law, interferes by threats, intimidation, or coercion, or attempts to
25       interfere by threats, intimidation, or coercion, with the exercise or
      enjoyment by any individual or individuals of rights secured by the
26       Constitution or laws of the United States, or of the rights secured

4

> by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured . . .
>
> (b)  Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

California Civil Code § 52.1.

However, California's Tort Claims Act ("CTCA") requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("CVCGCB"), formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Here, plaintiff alleges threats were made on August 19, 2008 (¶¶ 51-52), October 8, 2008 (¶¶ 62-67), and on an unidentified date, by defendants Jackson, Lockard and Hibbits (¶ 68).  (Dkt. No. 19.)  However, plaintiff has failed to allege compliance with the Tort Claims Act, either in the second amended complaint or in his declaration addressing exhaustion of administrative remedies.  Because plaintiff has failed to allege compliance with the Tort Claims Act, this claim will also be dismissed for failure to state a claim, but the dismissal will be without

prejudice should plaintiff be able to demonstrate timely filing of the tort claim.

<u>No Charging Allegations as to Remaining Defendants</u>

Plaintiff has included no charging allegations as to defendants Boras, Cross, Barker, Cosby, and Wright. Accordingly, defendants Boras, Cross, Barker, Cosby, and Wright should also be dismissed.

<u>Potentially Cognizable Claims</u>

Plaintiff alleges that defendants A. Pickens, Martines, Loard or Lorad,[1] Plessas, Smith, Kinssinger and Fletcher aided and abetted one another on June 25, 2008, to have defendants Plessas, Smith and Kinssinger intentionally take plaintiff from his cell to z-unit, where plaintiff was not supposed to be, and allegedly use excessive force on plaintiff during this transport. (Dkt. No. 19 at 4, ¶¶ 42-48.) Plaintiff alleges defendants Plessas, Smith and Kinssinger "violently attacked plaintiff, choking him and twisting his left disabled arm behind his back." (Dkt. No. 19 at 4, ¶ 45.) Therefore, plaintiff states a potentially cognizable claim for excessive force and failure to protect under the Eighth Amendment based on the alleged events of June 25, 2008. Accordingly, the court will order service of process on defendants A. Pickens, Martines, Lorad, Plessas, Smith, Kinssinger and Fletcher. These defendants should also respond to plaintiff's state law claims of assault and battery and the intentional infliction of emotional distress. (Dkt. No. 19 at 9-10.)

On October 8, 2008, plaintiff alleges defendant Jackson "maliciously and sadistically[,] tightly and excessively applied ankle shackles around plaintiff's ankles." (Dkt. No. 19 at 6, ¶ 64.) This states a potentially cognizable claim and the court will order service on defendant Jackson. Defendant Jackson should also respond to plaintiff's state law claims of assault and battery and the intentional infliction of emotional distress. (Dkt. No. 19 at 9-10.)

---

[1] In ¶ 47, plaintiff names defendant "Loard," but in his list of defendants he refers to a defendant "lorad" (Dkt. No. 19 at 2, #12.) Plaintiff should refer to the proper name of this defendant when completing the USM-285 form for service of process.

1  Plaintiff's allegations concerning the June 25, 2008 and October 8, 2008 incidents
2  state potentially cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C.
3  § 1915A(b) against defendants A. Pickens, Martines, Lorad, Plessas, Smith, Kinssinger, Fletcher
4  and Jackson.  If the allegations of the second amended complaint are proven, plaintiff has a
5  reasonable opportunity to prevail on the merits of these claims.
6  In accordance with the above, IT IS HEREBY ORDERED that:
7  1. The August 25, 2010 findings and recommendations are vacated.
8  2. Service is appropriate for the following defendants:  A. Pickens, Martines,
9  Lorad, Plessas, Smith, Kinssinger, Fletcher, and Jackson.
10  3. The Clerk of the Court shall send plaintiff eight USM-285 forms, one
11  summons, an instruction sheet and a copy of the second amended complaint filed August 31,
12  2010.
13  4. Within thirty days from the date of this order, plaintiff shall complete the
14  attached Notice of Submission of Documents and submit the following documents to the court:
15  a. The completed Notice of Submission of Documents;
16  b. One completed summons;
17  c. One completed USM-285 form for each defendant listed in number 2
18  above; and
19  d. Nine copies of the endorsed second amended complaint filed August
20  31, 2010.
21  5. Plaintiff need not attempt service on defendants and need not request waiver of
22  service.  Upon receipt of the above-described documents, the court will direct the United States
23  Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
24  without payment of costs.
25  IT IS HEREBY RECOMMENDED that:
26  1. Plaintiff's access to the court claims (dkt. no. 19 ; at 5, ¶ 54-56, & at 7-8, ¶¶

69-73) against defendants Lockard, Keating, Dunks, Hitt, and Hass should be dismissed for failure to state a claim.

2. Plaintiff's due process challenges to two disciplinary hearings, (dkt. no. 19 at 3, ¶¶ 33-39; & at 6, ¶¶ 60-61), against defendants Griffith, Ingwerson, Robertson, and Amero, should be dismissed.

3. Plaintiff's § 1983 claims alleging threats and intimidation, (dkt. no. 19 at 5,¶¶ 51-52, & at 7, ¶¶ 62-68), by defendants Jackson, Celis, Dunks, Hibbits, Monica, Ratliff, Lockard, Sloan, and Callison do not state cognizable civil rights claims and should be dismissed.

4. Plaintiff's conclusory allegation that defendants denied him necessary medical care should be dismissed for failure to state a claim.

5. Plaintiff's state law claim alleging violation of California Civil Code § 52.1 should be dismissed without prejudice for failure to allege compliance with the Tort Claims Act.

6. Remaining defendants Boras, Cross, Barker, Cosby, and Wright, be dismissed based on plaintiff's failure to include charging allegations against them.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 21, 2010

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jone2133.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

      Plaintiff,                      No. 2:09-cv-2133 FCD KJN P

    vs.

C. PLESSAS, et al.,                  <u>NOTICE OF SUBMISSION</u>

      Defendants.                <u>OF DOCUMENTS</u>

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        ____ completed summons form

        ____ completed USM-285 forms

        ____ copies of the _____
                    Second Amended Complaint

DATED:

                                           _____
                                           Plaintiff