IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

      Plaintiff,                  No. 2:09-cv-2133 FCD KJN P

    vs.

C. PLESSAS, et al.,

      Defendants.        <u>ORDER</u>

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On October 22, 2010, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations, as well as a proposed third amended complaint.[1]

---

[1] Plaintiff entitled his proposed amendment "Second Amended Complaint." (Dkt. No. 23 at 1.) However, plaintiff filed a second amended complaint on August 31, 2010. Therefore, the Clerk of the Court will be directed to cross out "Second" and interlineate the word "Third."

1 The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once
2 as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).
3 However, because plaintiff "inadvertently" omitted charging allegations as to certain defendants,
4 plaintiff will be permitted to file the third amended complaint. Plaintiff is cautioned, however,
5 that no further amendment will be permitted absent a court order granting him permission to
6 amend.

7 The third amended complaint states a cognizable retaliation claim as to
8 defendants Cosby, Wright, Boras, and Cross. (Dkt. No. 23 at 14.) Plaintiff will be directed to
9 provide service forms for these defendants. However, plaintiff again failed to include charging
10 allegations as to defendant Barker. Thus, defendant Barker will be dismissed without prejudice.

11 The court turns now to plaintiff's objections. Plaintiff contends that he has stated
12 a cognizable claim as to deliberate indifference to his serious medical needs, citing paragraphs
13 46-53 of his amended complaint. Portions of those paragraphs were added by plaintiff's
14 amendment referred to above. Liberally construed, plaintiff has stated a potentially cognizable
15 deliberate indifference to serious medical needs claim as to defendants A. Pickens, Martines,
16 Loard, Smith and Kinssinger. (Dkt. No. 23 at 13-14, ¶¶ 46-53.) These defendants will be
17 required to respond to these claims.[2] In all other respects, plaintiff's objections are overruled.

18 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule
19 304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the
20 entire file, the court finds the remainder of the findings and recommendations to be supported by
21 the record and by proper analysis.

22 Accordingly, IT IS HEREBY ORDERED that:
23 1. Plaintiff is granted leave to file a third amended complaint.
24 2. The Clerk of the Court is directed to separately docket plaintiff's proposed

---

[2] Plaintiff has provided USM-285 forms for these defendants.

third amended complaint, entitled "Second Amended Complaint," and appended to Docket No. 23 at pages 10-20. The Clerk of the Court shall cross out "Second" and interlineate the word "Third," in the title of the document, and shall docket the entry "Third Amended Complaint," as filed November 16, 2010.

      3. The findings and recommendations filed October 22, 2010, are partially adopted as follows:

      a. Plaintiff's access to the court claims (Docket No. 19; at 5, ¶ 54-56, & at 7-8 ¶¶ 69-73) against defendants Lockard, Keating, Dunks, Hitt, and Hass are dismissed for failure to state a claim.

      b. Plaintiff's due process challenges to two disciplinary hearings, (Docket No. 19 at 3, ¶¶ 33-39; & at 6, ¶¶ 60-61), against defendants Griffith, Ingwerson, Robertson, and Amero are dismissed.

      c. Plaintiff's § 1983 claims alleging threats and intimidation, (Docket No. 19 at 5, ¶¶ 33-39; & at 6, ¶¶ 60-61), against defendants Griffith, Ingwerson, Robertson, and Amero, are dismissed.

      d. Plaintiff's conclusory allegation that defendants denied him necessary medical care is dismissed for failure to state a claim.

      e. Plaintiff's state law claim alleging violation of California Civil Code § 52.1 is dismissed without prejudice for failure to allege compliance with the Tort Claims act.

      4. Defendant Barker is dismissed based on plaintiff's failure to include charging allegations against him.

      5. The third amended complaint states a potentially cognizable deliberate indifference to serious medical needs claim against defendants A. Pickens, Martines, Loard, Smith and Kinssinger. (Docket No. 23 at 13-14, ¶¶ 46-53.)

      6. Service is appropriate on defendants Boras, Cross, Cosby, and Wright.

/////

/////

7. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the third amended complaint filed November 16, 2010 (docketed pursuant to paragraph 2 above).

8. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed USM-285 form for each defendant listed in number 6 above; and

    d. Thirteen copies of the endorsed third amended complaint filed November 16, 2010.

9. Plaintiff shall file no further amended complaints absent leave of court.

DATED: December 9, 2010.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE