IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

        Plaintiff,                    No. 2:09-cv-2133 FCD KJN P

    vs.

C. PLESSAS, et al.,

        Defendants.            <u>ORDER</u>

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On February 11, 2011, a non-party deputy attorney general filed a request for clarification regarding the court's screening orders and service of process on defendants. It appears there was some confusion as to the October 22, 2010 order and findings and recommendations as read in connection with the December 10, 2010 order. This court has authority to order service of process on cognizable claims. However, the recommended dismissal of claims must be resolved by the district court. Accordingly, the parties must read both the October 22, 2010 and December 10, 2010 orders together. Plaintiff's third amended complaint, appended to his objections to the recommendations, simply added charging allegations that were not included in the second amended complaint. The district court addressed those new allegations in its December 10, 2010 order.

1

1  As noted in the October 22, 2010 order,

2  plaintiff states a potentially cognizable claim for excessive force
   and failure to protect under the Eighth Amendment based on the
3  alleged events of June 25, 2008.  Accordingly, the court will order
   service of process on defendants A. Pickens, Martines, Lorad,
4  Plessas, Smith, Kinssinger and Fletcher.

5  (Dkt. No. 22 at 6.)

6  Additionally, in the October 22, 2010 order the court found that plaintiff states a

7  potentially cognizable claim regarding plaintiff's allegations that on October 8, 2008, defendant

8  Jackson used excessive force.  (Id.)  Defendant Jackson is also required to respond to plaintiff's

9  state law claims of assault and battery and the intentional infliction of emotional distress.  (Id.)

10  In light of this October 22, 2010 order, the court intended to order service of process on, among

11  others, defendants Plessas and Jackson.  (Dkt. No. 22 at 7:1-5.)

12  In his third amended complaint, plaintiff added charging allegations regarding

13  retaliation.  On December 10, 2010, the district court specifically found that "the third amended

14  complaint states a cognizable retaliation claim as to defendants Cosby, Wright, Boras, and

15  Cross."  (Dkt. No. 26 at 2.)  Plaintiff also included new charging allegations as to alleged

16  deliberate indifference to his serious medical needs.  The district court found that plaintiff stated

17  a cognizable deliberate indifference to serious medical needs claim as to defendants A. Pickens,

18  Martines, Loard, Smith and Kinssinger.  (Dkt. No. 26 at 2.)

19  Therefore, the January 4, 2011 order directing the U.S. Marshal to serve the third

20  amended complaint on defendants A. Pickens, Martines, Lorad, Plessas, Smith, Kinssinger,

21  Fletcher, Jackson, Boras, Cross, Cosby, and Wright conforms with the two screening orders.

22  IT IS HEREBY ORDERED that the February 11, 2011 request for clarification

23  (dkt. no. 31) is granted.

24  DATED:  March 4, 2011

25  _____
    KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

26  jone2133.clar

2