IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

    Plaintiff,                     No. 2:09-cv-2133 KJM KJN P

    vs.

C. PLESSAS, et al.,              <u>ORDER AND</u>

    Defendant.              <u>ORDER TO SHOW CAUSE</u>

                                  /

         On November 14, 2011, plaintiff filed a motion seeking the court's assistance in locating defendants Cosby and Martines in order to accomplish service of process. (Dkt. No. 59.) Service of process on defendants Cosby and Martines was returned unexecuted on June 23, 2011. (Dkt. No. 50.) However, review of the record reflects that plaintiff's motion should be denied, and that plaintiff should be required to show cause why his claims should not be dismissed based on plaintiff's failure to first exhaust administrative remedies as to defendants Cosby and Martines.[1]

---

[1] Alternatively, the court could recommend that defendants Cosby and Martines be dismissed based on plaintiff's failure to execute service of process within 120 days from filing suit as required by Rule 4(m) of the Rules of Federal Civil Procedure. However, when there are multiple grounds for dismissing a suit, as opposed to deciding it on the merits, courts have discretion to select among them. See <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574 (1999) ("It

1

On January 4, 2011, the court advised plaintiff in detail of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by a defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure. (Dkt. No. 28 at 3.) On July 18, 2011, defendants Kissinger, Wright, Fletcher, Pickens, Jackson, Plessas and Smith filed a motion to dismiss, pursuant to Rule 12(b), based on plaintiff's alleged failure to first exhaust his administrative remedies as to all the remaining claims in this action. (Dkt. No. 53.) Plaintiff did not file a timely opposition, and on August 24, 2011, plaintiff was granted an additional thirty days in which to oppose the motion. (Dkt. No. 54.) On September 8, 2011, plaintiff filed an opposition. (Dkt. No. 56.) On September 29, 2011, plaintiff was granted an additional thirty days in which to submit copies of appeal forms. (Dkt. No. 58.) On November 16, 2011, the court issued findings and recommendations recommending that defendants' motion to dismiss be granted based on plaintiff's failure to exhaust administrative remedies. (Dkt. No. 60.)

An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). If the court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal without prejudice. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (if district court concludes that prisoner has not exhausted non-judicial remedies, proper remedy is dismissal of claim without prejudice). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the plaintiff did not exhaust administrative remedies. See id.

---

is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits.")

2

1    In this court's November 16, 2011 findings and recommendations, the
2 undersigned evaluated the documents provided by the remaining defendants in connection with
3 their motion to dismiss for failure to exhaust administrative remedies, as well as plaintiff's
4 opposition, and found that none of the 26 grievances submitted by plaintiff "raised facts
5 underlying the remaining four claims alleged in the [third amended complaint.]"  (Dkt. No. 60 at
6 4.)  Plaintiff's claims against defendants Cosby and Martines are included in those four
7 remaining claims.  (Dkt. No. 60.)  The court also evaluated plaintiff's argument that he was
8 prevented from availing himself of the grievance process.  (Dkt. No. 60 at 10.)  The undersigned
9 found that plaintiff failed to demonstrate he had taken steps to exhaust the remaining four claims,
10 or to show that a third party stood in his way (dkt. no. 60 at 10), even after plaintiff was granted
11 an additional period of time in which to submit copies of appeal forms (dkt. no. 58).  The
12 findings and recommendations set forth the reasons why the court found plaintiff failed to first
13 exhaust his administrative remedies as to plaintiff's four remaining claims in this action.  (Dkt.
14 No. 60.)

15    Therefore, the court denies without prejudice plaintiff's motion for assistance in
16 locating defendants Cosby and Martines, and orders plaintiff to show cause why defendants
17 Cosby and Martines should not also be dismissed based on plaintiff's failure to exhaust
18 administrative remedies prior to filing the instant action.  As set forth above, plaintiff has had fair
19 notice of his opportunity to develop a record concerning his efforts to exhaust administrative
20 remedies.  The standards plaintiff must meet in order to demonstrate exhaustion as required
21 under 42 U.S.C. § 1997(e), are also set forth in the November 16, 2011 findings and
22 recommendations.  (Dkt. No. 60.)

23    Accordingly, IT IS HEREBY ORDERED that:

24    1. Plaintiff's November 14, 2011 motion (dkt. no. 59) is denied without
25 prejudice; and

26    2. Within thirty days from the date of this order, plaintiff shall show cause why

defendants Cosby and Martines, the sole remaining defendants, should not be dismissed based on plaintiff's failure to first exhaust administrative remedies; and that this action be dismissed.

DATED: January 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jone2133.osc